**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CAROLINA LEONE, as Personal
Representative of the Estate of LINA
GAIL ODOM, deceased, and DANIEL ANTONIO
ODOM, Individually, as surviving parent of
LINA GAIL ODOM, deceased,

      Plaintiffs,

vs.                            Case No. 3:20-cv-1166-J-34JBT

DUVAL COUNTY SHERIFF, MIKE
WILLIAMS; ARMOR CORRECTIONAL
HEALTH SERVICES, INC.; MELISSA
PETERSON, RN; JAMES MILLER, RN;
S. GROBES, Deputy; and C.E. THOMPSON,
Deputy,

      Defendants.

                                    /

## O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. Plaintiffs initiated this action on October 14, 2020, by filing a Complaint and Demand for Jury Trial (Doc. 1; Complaint), containing four counts. Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun" pleading. One type of "shotgun" pleading contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." <u>See</u> <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases).[1] As a result, "most of the counts . . .

---

[1] In <u>Weiland</u>, 792 F.3d 1313, the Eleventh Circuit identified four types of "shotgun" pleadings. <u>See</u> <u>id.</u> at 1321-23. "Shotgun pleadings include complaints that: (1) 'contain multiple counts where each count adopts the allegations of all preceding counts'; (2) do not re-allege all the proceeding counts but are 'replete with

contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted.  See id.  Here, Counts II through Count IV "incorporate by reference herein each of the factual allegations against each Defendant."  See Complaint at ¶¶ 67, 75, 82. While not a textbook "shotgun" pleading, Plaintiffs' incorporation of all "factual allegations against each Defendant" is equally problematic as it fails to identify which allegations Plaintiffs believe to be "factual" allegations, and whether Plaintiffs intend to incorporate allegations from previous counts or only from the "Facts Common to All Counts" section of the Complaint.  See id. at 4.  Further, this nonspecific manner of pleading results in the incorporation of both relevant and irrelevant allegations.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight."  See Weiland, 792 F.3d at 1321 & n.9 (collecting cases).  As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled

conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'; (3) do not separate each cause of action or claim for relief into separate counts; or (4) in a multi-defendant action, contain counts that present a claim for relief without specifying which defendants the claim is brought against."  Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020) (citing Weiland, 792 F.3d at 1321–23).

-2-

discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263.  When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure.  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will give Plaintiffs an opportunity to file a corrected complaint which eliminates the shotgun nature of the Complaint.  Accordingly, it is

**ORDERED**:

1.   The Complaint (Doc. 1) is **STRICKEN**.

2.   Plaintiffs shall file a corrected complaint[2] curing the shotgun nature of the Complaint on or before **November 2, 2020**.  Failure to do so may result in a dismissal of this action.

3.   Defendants shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on October 19, 2020.

MARCIA MORALES HOWARD
United States District Judge

---

[2] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

-3-

-4-

lc27
Copies to:

Counsel of Record
Pro Se Parties