**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CAROLINA LEONE, as Personal
Representative of the Estate of
LINA GAIL ODOM, deceased, et al.,

        Plaintiffs,

v.                                Case No. 3:20-cv-1166-J-34JBT

DUVAL COUNTY SHERIFF,
MIKE WILLIAMS, et al.,

        Defendants.

_____/

### SHERIFF WILLIAMS'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendant, Duval County Sheriff Mike Williams, moves to dismiss, Plaintiff's Amended Complaint [Docket No. 6], and states:

1.    On October 14, 2020, Plaintiff, Carolina Leone, as Personal Representative of the Estate of Lina Gail Odom, filed her initial complaint in the above-styled action. See Docket No. 1.

2.    On October 19, 2020, the Court entered an Order sua sponte striking the complaint as a shotgun pleading and allowing Plaintiff the opportunity to amend her pleading. See Docket No. 5.

3.   On October 30, 2020, Plaintiff filed the operative Amended Complaint.  See Docket No. 6.  As alleged in the Amended Complaint, Ms. Lina Odom, the granddaughter and daughter of Carolina Leone and Daniel Odom respectively, passed away on April 29, 2018 at 6:05 A.M. See id. at 7-8, ¶¶ 40-43.

4.   In addition to suing the Sheriff, Plaintiff has sued: (1) Armor Correctional Health Services, Inc. (JSO's contract healthcare provider for inmates); (2) individual nurses employed by Armor Correctional (referred to as "ARMOR Nurses" in the Amended Complaint); and (3) individual JSO corrections officers (referred to as "Deputy Defendants" in the Amended Complaint).

5.   Plaintiff alleges Count II, a state law claim for wrongful death, against all named Defendants, and asserts in relevant part as follows:

> 73.   The Deputy Defendants and ARMOR Nurses are individually liable for their torts pursuant to Fla. Stat. §768.28 in that they acted in a manner exhibiting wanton and willful disregard for LINA ODOM's human rights and safety.
>
> 74.   Defendant, Duval County Sheriff is liable for the torts committed by the Deputy Defendants pursuant to Fla. Stat. §768.28.

<u>See</u> Docket No. 6 at 12.

6.   Count II is the only count brought against the Sheriff by Plaintiff.

7.   Defendant Sheriff Williams moves to dismiss the Amended Complaint for failure to state a cause of action because: (1) Plaintiff's claim for wrongful death is barred by the statute of limitations; and (2) Plaintiff's allegations as pled in Count II at paragraphs 73 and 74 establish that the Sheriff is immune from liability pursuant to section 768.28(9)(a), Florida Statutes.

## **MEMORANDUM OF LAW**

"Courts generally treat a motion to dismiss on statute of limitations grounds 'as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1).'" <u>Bell v. Miedema</u>, No. 3:20-CV-294-J-32MCR, 2020 WL 5230581, at *2 (M.D. Fla. Sept. 2, 2020) (quoting <u>Nghiem v. U.S. Dep't of Veteran Affairs</u>, 451 F. Supp. 2d 599, 603 (S.D.N.Y. 2006)).  The Court may dismiss a claim under Rule 12(b)(6) on the grounds of statute of limitations if it is "'apparent from the face of the complaint' that the claim

3

is time-barred." Id. (quoting La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004)).

### A. PLAINTIFF'S WRONGFUL DEATH CLAIM IS TIME-BARRED.

"The statute of limitations for wrongful death is determined under Florida Statutes section § 768.28, which requires that a wrongful death claim brought 'against the state or one of its agencies or subdivsions for damages' be brought within two years of the accrual of the action." Campbell v. City of Jacksonville, No. 3:17-CV-914-J-34JRK, 2018 WL 1463352, at *3 (M.D. Fla. Mar. 23, 2018) (quoting Cone v. Orosa, No. 13–cv–24674–JLK, 2014 WL 1383028, *3 (S.D. Fla. April 8, 2014)). Under Florida law, a cause of action for wrongful death accrues on the date of the death. Fulton County Adm'r v. Sullivan, 753 So.2d 549, 552 (Fla. 1999); R.J. Reynolds Tobacco Co. v. Sheffield, 266 So. 3d 1230, 1234 (Fla. 5th DCA 2019).

As alleged in the Amended Complaint, Ms. Odom died on April 29, 2018, and any claim for wrongful death accrued on that date. Plaintiff did not file this action until October 14, 2020 – almost six months after the two-year statute of limitations ran on April 29, 2020. Because Plaintiff failed to timely file a claim for wrongful death against the

Sheriff within Florida's statute of limitations, amendment is futile. As evidenced on the face of the Amended Complaint, Defendant Sheriff Williams is entitled to dismissal of Count II with prejudice as a matter of law.

**B.   SHERIFF WILLIAMS IS IMMUNE FROM LIABILITY.**

Fla. Stat. § 768.28(9)(a) provides in relevant part:

> The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Plaintiff alleges that the Deputy Defendants (JSO corrections officers Grobes and Thompson) "acted in a manner exhibiting wanton and willful disregard for LINA ODOM's human rights and safety." See Docket No. 6 at 12, ¶ 73. Plaintiff further alleges that the Sheriff "is liable for the torts committed by the Deputy Defendants pursuant to Fla. Stat. §768.28." See id. at ¶ 74. As expressly stated in the statute, the Sheriff shall not be liable for the acts of individual officers committed in a manner exhibiting wanton and willful disregard of human rights and safety. See Hall v. Knipp, 982 So. 2d 1196, 1197 (Fla. 1st DCA 2008)

(holding that sovereign immunity bars appellant's claim against the Department of Corrections because the amended complaint alleges that the correctional officer acted in bad faith).  Accordingly, as evidenced on the face of the Amended Complaint, Defendant Sheriff Williams is entitled to dismissal of Count II with prejudice as a matter of law.

**WHEREFORE**, Defendant Sheriff Mike Williams respectfully requests the entry of an Order dismissing Count II of Plaintiff's Amended Complaint with prejudice.

Dated: January 29, 2021

**OFFICE OF GENERAL COUNSEL CITY OF JACKSONVILLE**

*/s/ Tiffiny Douglas Pinkstaff*
Sean B. Granat
Deputy General Counsel
Florida Bar No. 138411
Tiffiny Douglas Pinkstaff
Assistant General Counsel
Florida Bar No. 682101
117 West Duval Street, Suite 480
Jacksonville, Florida  32202
Telephone: 904.255.5100
sgranat@coj.net; dorothyo@coj.net
tpinkstaff@coj.net; kmoran@coj.net

**ATTORNEYS FOR DEFENDANT SHERIFF MIKE WILLIAMS**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 29th, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

*/s/ Tiffiny Douglas Pinkstaff*
**ATTORNEY**