U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAROLINA LEONE, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF LINA GAIL ODOM, DECEASED,
AND DANIEL ANTONIO ODOM,
INDIVIDUALLY, AS SURVIVING
PARENT OF LINA GAIL ODOM,
DECEASED,

        Plaintiff,

vs.                                             CASE NO:  3:20-CV-1166-J-34JBT

DUVAL COUNTY SHERIFF, MIKE
WILLIAMS; ARMOR CORRECTIONAL
HEALTH SERVICES, INC.; MELISSA
PETERSON, RN; JAMES MILLER, RN;
S. GROBES, DEPUTY; AND C.E.
THOMPSON, DEPUTY,

        Defendants.

_____/

## DEFENDANT ARMOR CORRECTIONAL HEALTH SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC. ("ARMOR" or "Defendant"), by and through undersigned counsel, submits its Answer and Affirmative Defenses to Plaintiffs' Amended Complaint as follows:

1.     Without sufficient knowledge to admit or deny, therefore denied.

2.     Without sufficient knowledge to admit or deny, therefore denied.

3.     Without sufficient knowledge to admit or deny, therefore denied.

4.     Without sufficient knowledge to admit or deny, therefore denied.

5.     Admitted.

4822-5954-3514, v. 1

6.    Admitted that ARMOR had an agreement to provide healthcare staff and services to John E. Good Pre-Trial Detention Facility ("PTDF"). Armor denies that the contract was with Duval County Sheriff, Mike Williams. Armor lacks sufficient knowledge to admit or deny the remainder of the allegations, therefore they are denied.

7.    Admitted that MELISSA PETERSON, RN ("RN PETERSON") is a Florida licensed registered nurse and was engaged in the practice of providing correctional nursing care at the PTDF.

8.    Admitted that JAMES MILLER, RN ("RN MILLER") is a Florida licensed registered nurse and was engaged in the practice of providing correctional nursing care at the PTDF.

9.    Without sufficient knowledge to admit or deny, therefore denied.

10.    Without sufficient knowledge to admit or deny, therefore denied.

11.    Without sufficient knowledge to admit or deny, therefore denied.

12.    Admitted for jurisdictional purposes.

13.    Without sufficient knowledge to admit or deny, therefore denied.

14.    Without sufficient knowledge to admit or deny, therefore denied.

15.    Without sufficient knowledge to admit or deny, therefore denied.

16.    Without sufficient knowledge to admit or deny, therefore denied.

17.    Without sufficient knowledge to admit or deny, therefore denied.

18.    Without sufficient knowledge to admit or deny, therefore denied.

19.    Without sufficient knowledge to admit or deny, therefore denied.

20.    Admitted for jurisdictional purposes only.

21.    Admitted for jurisdictional purposes.

4822-5954-3514, v. 1

22.    This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 22 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

23.    This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 23 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

24.    Without sufficient knowledge to admit or deny, therefore denied.

25.    This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 25 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

26.    This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 26 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

27.    This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 27 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

28.    This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 28 differ from

4822-5954-3514, v. 1

or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

29. This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 29 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

30. This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 30 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

31. This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 31 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

32. This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 32 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

33. This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 33 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

4822-5954-3514, v. 1

34.   This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 34 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

35.   This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 35 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

36.   This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 36 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

37.   This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 37 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

38.   This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 38 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

39.   This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 39 differ from

4822-5954-3514, v. 1

or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

40. Without sufficient knowledge to admit or deny, therefore denied.

41. Without sufficient knowledge to admit or deny, therefore denied.

42. This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 42 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

43. This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 43 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

44. Without sufficient knowledge to admit or deny, therefore denied.

45. Denied.

## COUNT I- 42 U.S.C. 1983 CLAIM FOR VIOLATION OF THE FOURTEENTH AMENDMENT

46. This Defendant hereby adopts and incorporates its responses contained in paragraphs 1-45 here.

47. This Defendant states that Ms. Odom's medical records relating to the allegations in this paragraph speak for themselves. To the extent the allegations in paragraph 47 differ from or contradict the medical records, this Defendant denies such allegations for lack of knowledge, information, or belief.

48. Denied.

49. Without sufficient knowledge to admit or deny, therefore denied.

4822-5954-3514, v. 1

50.    Denied.

51.    Denied.

52.    Denied.

53.    Without sufficient knowledge to admit or deny, therefore denied.

54.    Denied.

55.    Without sufficient knowledge to admit or deny, therefore denied.

56.    Without sufficient knowledge to admit or deny, therefore denied.

57.    Without sufficient knowledge to admit or deny, therefore denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

## COUNT II: WRONGFUL DEATH

67.    This Defendant hereby adopts and incorporates its responses contained in paragraphs 1-45 here.

68.    Admitted that ARMOR owed only duties imposed by Florida law and specifically denies any breach thereof. The remainder of the allegations in this paragraph are not directed at

4822-5954-3514, v. 1

this Defendant; therefore, no response is required. To the extent these allegations might be construed against this Defendant, they are denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied, as to paragraph 72, and all subparts.

73.    Denied.

74.    Without sufficient knowledge to admit or deny, therefore denied.

## COUNT III: MEDICAL MALPRACTICE- RN PETERSON AND RN MILLER

75.    This Defendant hereby adopts and incorporates its responses contained in paragraphs 1-45 here.

76.    Denied.

77.    Admitted that RN PETERSON and RN MILLER owed only duties imposed by Florida law and specifically denies any breach thereof.

78.    Admitted.

79.    Denied, as to paragraph 79, and all subparts.

80.    Denied.

81.    Denied, as to paragraph 81, and all subparts.

## COUNT IV: VICARIOUS LIABILITY- ARMOR CORRECTIONAL HEALTH SERVICES, INC. FOR THE NEGLIGENCE OF THEIR EMPLOYEES, RN PETERSON AND RN MILLER

82.    This Defendant hereby adopts and incorporates its responses contained in paragraphs 1-45 here.

4822-5954-3514, v. 1

83. Admitted that ARMOR is vicariously liable for the conduct of RN Peterson and RN Miller that was rendered within the course and scope of their employment. As to the remainder of the allegations, this Defendant denies.

84. Denied.

85. Denied.

86. Denied.

87. Denied, as to paragraph 87, and all subparts.

## AFFIRMATIVE DEFENSES

Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC. ("ARMOR" or "Defendant"), by its counsel, Hall, Prangle, and Schoonveld, LLC, in response to Plaintiff's Amended Complaint at Law, submits the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

The Defendant affirmatively states that the Plaintiff's allegations against this Defendant do not amount to a breach of that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar physicians.

## SECOND AFFIRMATIVE DEFENSE

In the event of a judgment for Plaintiff, this Defendant is entitled to have that judgment made payable in accordance with the alternative methods of payment of damage pursuant to the provisions of 768.78, Florida Statutes.

## THIRD AFFIRMATIVE DEFENSE

4822-5954-3514, v. 1

Any damages should be reduced by amounts received from collateral sources, or other sources permitted by applicable law, or by any amounts received from claims brought against other individuals or entities.

## FOURTH AFFIRMATIVE DEFENSE

Any loss, injury or damage, which may have been sustained by PLAINTIFF, was caused by non-parties over whom Defendant had not control and for whom Defendant may not be held responsible.  Pursuant to *Nash v. Wells Fargo Guard Services, Inc.*, 678 So.2d 1262 (Fla. 1996), Defendant reserves the right to assert the negligence of non-parties as an affirmative defense under *Fabre v. Martin*, 623 So.2d 1182 (Fla. 1993), who are specifically identified during the course of discovery.  This Defendant is aware that PLAINTIFF has filed suit against other parties or entities for negligence for the same injuries alleged to be caused by this Defendant. Should these other parties or entities settle out of this case, these Defendants would seek to have those settling parties listed on the verdict form in accordance with the principles set forth in *Fabre*.

## FIFTH AFFIRMATIVE DEFENSE

Defendant states that to the extent that Plaintiff's damages were caused or contributed to by the negligent acts of other parties, this Defendant is not responsible, and the damages must be apportioned pursuant to the provisions of Florida Statutes, Section 768.81.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages and/or losses, and as such, any claim of Plaintiff's should be reduced by virtue of his failure to mitigate.

## SEVENTH AFFIRMATIVE DEFENSE

4822-5954-3514, v. 1

Defendant states that if the Plaintiff suffered damages as alleged in the Complaint, such damages resulted from the negligence of an independent contractor for whom this Defendant is not legally responsible.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant states that at the time on the occasion as set forth in the Complaint, the Plaintiff was herself negligent. Said negligence either directly causing or substantially contributing to the injuries alleged, so that Plaintiff's claims are either totally barred by such negligence, or so that recovery herein, if any, must be reduced or proportioned to said comparative negligence.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages were not caused by any act or omission of Defendants but by independent and intervening causes unrelated to any act or omission of Defendants and beyond Defendants' control.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted under the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants acted reasonably, in good faith, consistent with customary and professional corrections practices, and within the scope of applicable law at all times during the events alluded to in Plaintiff's Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants were acting within the scope of their discretionary authority, were not deliberately indifferent to Plaintiff's medical needs, did not otherwise violate Plaintiff's

4822-5954-3514, v. 1

constitutional rights, and did not violate clearly established federal, statutory, or constitutional rights; thus Defendants are entitled to qualified immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants did not act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human safety, rights or property.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover economic damages for those past medical expenses, if any, written off by the medical care providers or reduced by agreement between the medical care providers and insurers.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has received, or may receive, settlement(s) from other parties entitling Defendants to a set-off.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to exhaust administrative remedies before pursuing this action as required by statute or common law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

One or more of Plaintiffs' causes of action may be barred by the applicable statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state claims for and are not legally entitled to compensatory damages or punitive damages.

## NINETEENTH AFFIRMATIVE DEFENSE

4822-5954-3514, v. 1

No individual defendant can be found liable for the actions of any other individual defendant(s) under a theory of respondeat superior, or supervisory liability.

WHEREFORE, this Defendant demands that judgment be entered in its favor, that Plaintiffs take nothing by virtue of their Amended Complaint, and that this Court award this Defendant the reasonable costs incurred by it in connection with the defense of this action and for such further relief as this Court deems just and proper. This Defendant further requests trial by jury on all issues.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail on this 5th day of February, 2021, to:

**For the Plaintiff**
Jack T. Cook, Esq.
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
P.O. Box 4979
Orlando, FL 32802
jcook@forthepeople.com
ksuarez@forthepeople.com

**For Sheriff Williams**
Tiffiny Douglas Pinkstaff, Esq.
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
sgranat@coj.net
dorothyo@coj.net
tpinkstaff@coj.net
kmoran@coj.net

/s/ Julie M. Riche
DAVID P. FERRAINOLO (FBN: 77421)
HALL PRANGLE & SCHOONVELD, LLC
3507 E. Frontage Road, #140
Tampa, FL 33607
efileflorida@hpslaw.com
apabon@hpslaw.com

4822-5954-3514, v. 1

JULIE M. RICHE (FBN:  0119360)
HALL PRANGLE & SCHOONVELD, LLC
25 W. Cedar Street, Suite 660
Pensacola, FL 32502
Phone: (850) 462-9520
Fax: (850) 462-9529
EfileFlorida@hpslaw.com
jriche@hpslaw.com
teckard@hpslaw.com
*Attorneys for Armor Correctional Health Care, Inc.*

Page **14** of **14**

4822-5954-3514, v. 1