UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAROLINA LEONE, AS PERSONAL RESPRESENTATIVE OF THE ESTATE OF LINA GAIL ODOM, DECEASED,

    Plaintiff,

vs.

DUVAL COUNTY SHERIFF MIKE WILLIAMS; ARMOR CORRECTIONAL HEALTH SERVICES, INC.; MELISSA PETERSON, RN; JAMES MILLER, RN; S. GROBES, DEPUTY; AND C.E. THOMPSON, DEUPUTY,

    Defendant.

_____/

CASE NO: 3:20-CV-1166-J-34JBT

## PLAINTIFF'S CORRECTED MOTION TO ENFORCE SETTLEMENT AND CONSENT JUDGMENT

COME(S) NOW Plaintiff, **CAROLINA LEONE, AS PERSONAL RESPRESENTATIVE OF THE ESTATE OF LINA GAIL ODOM, DECEASED**, by and through her undersigned counsel to hereby file this Motion to Enforce Settlement and Consent Judgment, and state as follows:

1. This matter is known to the Court as a wrongful death case arising from the medical care and treatment rendered to Lina Odom during her incarceration.

2. On July 11, 2023, a mediation was conducted in this matter whereupon the parties agreed to a settlement and consent judgment based on the following:

    a. $128,771.40 payment from Armor Correctional Health Services, Inc. to be paid over 24 month period. These payments shall start on September 1, 2023.

    b. $41,228.56 from ProAssurance to be paid in a lump sum to Morgan & Morgan due in 30 days from mediation.

    c. Plaintiff agrees to nondisparaging agreement.

    d. Plaintiff agrees to 10 day cure for any late payments.

3. The parties further agreed to a consent judgment reflecting the above terms.

4. Following mediation, undersigned counsel's office has made multiple attempts to obtain a proposed order for consent judgment as well as any releases from Defendant Armor Correctional Health Services, Inc.

5. On August 14, 2023, undersigned counsel's office sent counsel for the Defendant a proposed consent judgment and order reflecting more

specific terms of the settlement and consent judgment, including monthly payment terms.

6. As of the filing of this motion, the Defendant has failed to comply with the agreed upon settlement and has failed to make any payment as agreed upon.

7. By way of this Motion, the Plaintiff seeks the Court's assistance to enforce the agreed upon settlement and consent judgment as the Defendant has otherwise failed to respond to any of undersigned counsel's attempts to conclude this matter.

8. Under Federal law, a district court has inherent power to summarily enforce settlement agreements entered into by parties in a pending case. *Cia Anon Venezolana de Navegacion v Harris*, 374 F.2d 33, 36 (5th Cir. 1967). Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced. *See, e.g., Hennessy v. Bacon* 137 U.S. 78 (1890); *Kelly v. Greer*, 365 F.2d 669 (3rd Cir. 1966); *All States Investors, Inc. v. Bankers Bond Co.*, 343 F.2d 618 (6th Cir., 1965); *Cummins Diesel Michigan, Inc. v. The Falcon,* 305 F.2d 721 (7th Cir. 1962); *Florida Trailer & Equip. Co. v. Deal*, 284 F.2d 567 (5th Cir. 1960).

9. Plaintiff further seeks interest on the agreed upon settlement award as a lump sum payment and monthly payments were to commence on or before September 1, 2023.

WHEREFORE Plaintiff respectfully request this Court grant Plaintiff's Motion to Enforce Settlement Agreement and Consent Judgment and enter in a judgment reflecting the following terms:

1. The parties have agreed to fully resolve and dismiss all claims in the Complaint styled CAROLINA LEONE, as Personal Representative of the Estate of LINA GAIL ODOM, Deceased, vs. ARMOR CORRECTIONAL HEALTH SERVICES, INC.; MELISSA PETERSON, RN, Case # 3:20-cv-1166-J-34JBT, filed in the Middle District Of Florida, Jacksonville Division for payment in the amount of $170,000.00. Payment by the Defendants and the Insurer on behalf of the Defendant shall be made as follows:

    a. Full payment of $41,228.60 (Forty One Thousand Two Hundred and Twenty-Eight Dollars and Sixty Cents) shall be made in one lump sum to Morgan & Morgan P.A. within five (5) days entry of this Order by the Defendant's Insurer;

    b. The Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC., shall pay $128,771.40 (One Hundred Twenty

        Eight Thousand Seven Hundred and Seventy-One Dollars and Forty Cents) to be paid monthly over a period of 24 months (herein after referred to as "Periodic Payments").

    c. The Periodic Payments shall total approximately $5,365.47 a month and start within five (5) days entry of this Order.

    d. The Periodic Payments shall be apportioned as follows:

        i. Periodic Payments to Morgan and Morgan P.A. in the amount of $3,777.35 shall be made for a period of 12 months.

        ii. Periodic Payments to Carolina Leone shall be made in the amount of $1,588.12 for a period of 12 months.

        iii. On September 1, 2024, a Periodic Payment shall be paid only to Carolina Leona in the amount of $5,365.47. for a period of 12 months.

2. WHEREAS upon notification by Carolina Leona that any check or electronic funds transfer was not received, the Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC., shall stop payment actions and upon confirmation that such check was not previously negotiated or electronic funds transfer deposited, shall process a replacement payment.

3. This final judgment resolves all outstanding claims. This Court retains jurisdiction to adjudicate any other dispute arising out of, or in connection with, this Consent Judgment and Order.

Respectfully submitted on this 7th day of September 2023.

*/s/Jack Cook*
Jack T. Cook, Esquire
FBN 0088589
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Primary email:
jcook@forthepeople.com;
bcharlan@forthepeople.com
Secondary email:
kmatta@forthepeople.com
*Attorneys for Plaintiff*

## **LOCAL RULE 3.01(g) CERTIFICATION**

Undersigned counsel certifies that prior to the filing of this motion undersigned counsel has attempted to confer with counsel for Defendant regarding the Settlement and Consent Judgment in this matter on at least three occasions via phone calls and electronic emails. Specifically, undersigned counsel's office, in addition to multiple phone calls, sent correspondence on July 13, 2023, July 14, 2023, July 28, 2023, August 7, 2023, August 15, 2023, August 16, 2023, August 22, 2023, to counsel for the Defendant and/or the Defendant's

insurance carrier. Counsel for Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC. has failed to respond to undersigned counsel's attempts to confer on the proposed language for the settlement and consent judgment and has otherwise failed to perform under the settlement agreement. Based on the mediation settlement agreement, the Defendant has agreed to the settlement terms, including the settlement amount, a lump sum payment of $41,228.60 and periodic payments for 24 months totaling $128,771.40, and the entry of a consent judgment.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **September 7, 2023,** a true and correct copy of the foregoing Motion was served via email to:

**Natalie Marrero, Esquire**
**Armas Bertran Zinecone**
4960 SW 72 Avenue, Suite 206,
Miami, Florida 33155
nmarrero@armaslaw.com
fzincone@armaslaw.com
alfred@armaslaw.com
*Attorney for Armor Correction Health*
*Services, Inc.; Melissa Peterson, RN, and*
*James Miller, RN*

        */s/Jack Cook*
        Jack T. Cook, Esquire
        FBN 0088589
        Morgan & Morgan, P.A.

20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Primary email:
jcook@forthepeople.com;
bcharlan@forthepeople.com
Secondary email:
kmatta@forthepeople.com
*Attorneys for Plaintiff*